Jon D. Williams (8318)
341 South Main Street
Suite 406
Salt Lake City, Utah 84111
(801) 746-1460
(801) 746-5613 FAX
Attorney for Defendant

---

UNITED STATES DISTRICT COURT
CENTRAL DIVISION, DISTRICT OF UTAH

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DALE LYMAN,<br><br>    Defendant. | SENTENCING MEMORANDUM<br><br>Case No. 2:08-CR-184-CW |

---

COMES NOW the above-named Defendant, by and through his counsel of record, and submits the following Memorandum to assist the Court at the time of sentencing.

BACKGROUND

Mr. Lyman does not dispute the factual statements and representations contained within the Presentence Report ("PSR") nor does he contest the conclusion of the ultimate Guideline calculation contained with the PSR. Consequently, Mr. Lyman will briefly discuss only relevant portions of the factual background of his case throughout his argument. Ultimately, Mr. Lyman respectfully will suggest that the Court consider a variance under 18 U.S.C. § 3553(a) so the Court will arrive at a fair

and reasonable sentence and that any punishment only reflect the actual harm caused by him. A sentence of Court Probation ultimately will satisfy all the sentencing requirements the Court must consider.

ARGUMENT

The law is well settled that this Court has discretion to sentence Mr. Lyman to a term far less than that suggested by the Guidelines; in this case Court Probation. *See United States v. McComb*, 519 F.3d 1049 (10th Cir. 2007)(discussion of reasonableness of within-Guideline sentences and outside sentences not by default unreasonable). More importantly, recent Supreme Court holdings reaffirmed and strengthened *Booker* principles which originally gave rise to district courts looking outside the Guidelines to arrive at a fair sentence. *Gall v. United States*, 552 U.S. —,128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

The Court's holding in *Gall* squarely addresses a standard of review to be applied by an appellate court when reviewing a sentence, however, the opinion also sheds light on the deferential role the district courts have in sentencing decisions. Notably, the Court cited its seminal decision in *Koon v. United States* during its discussion regarding why district courts are in the best position to determine a reasonable sentence: "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Id.* at 598, citing *Koon*, 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d

392 (1996).

There is little room for argument that *Gall* once again encourages district courts to contemplate the sentencing factors discussed in 18 U.S.C. § 3553(a) in order to arrive at a fair sentence which, in this case, is less than that suggested by the Guidelines. There is no dispute that Mr. Lyman did sell an artifact which he should not have sold. The only question is whether incarcerating a 76 year old man with no criminal history is an appropriate measure for the crime committed.

Mr. Lyman respectfully suggests to the Court a classic departure pursuant to U.S.S.G. § 5H1.1 Age (Policy Statement) is appropriate. Given that Mr. Lyman is 76 years of age, this argument does not need to be more fully developed beyond indicating his age. This was not a crime of violence nor drug related and did not involve any actual harm to any individual. Mr. Lyman does not pose a threat to anyone in his community; therefore, the Court should find the Policy Statement applicable and depart to a sentence of Court Probation. Assuming, *arguendo*, the Court does not find justification to depart under that Guideline Application, the Court should nevertheless find that a term of Court Probation is appropriate pursuant to 18 U.S.C. § 3553(a).

I.   18 U.S.C. § 3553(a):

That statute reads as follows:

**(a) Factors To Be Considered in Imposing a Sentence.**— The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
          (1) the nature and circumstances of the offense and the history and

    characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994 (a)(3) of title 28, United States Code;
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994 (a)(2) that is in effect on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

    The nature of the crime is very simply: Mr. Lyman took what was not his and sold it. He did not hurt anyone or even cause any financial loss to anyone as tacitly suggested with the loss calculation in the PSR. The crime committed in this instance was a crime driven by opportunity and Mr. Lyman's geographical location to American Indian artifacts. Any term of actual incarceration under these circumstances is not warranted.

The Court must also consider the seriousness of the offense and the general goals of crafting a sentence which will deter others from committing similar crimes and protecting society from future criminal conduct of Mr. Lyman. Mr. Lyman respectfully suggests that a sentence of Court Probation under the circumstances will adequately address all of the sentencing considerations discussed in this Section. Again, Mr. Lyman is 76 years of age and does not leave his home in Blanding, Utah very often–at least not for purposes of hiking into the desert to look for artifacts. Clear boundaries established for Court Probation will ensure Mr. Lyman does not violate the law any further.

DATED this 28th day of June, 2010.

/s/ Jon D. Williams
Jon D. Williams

## DELIVERY CERTIFICATE

I certify that a true and correct copy of the foregoing was caused to be delivered, through electronic filing, to the following:

Richard D. McKelvie, Esq.
United States Attorney's Office
185 South State Street, Suite 300
Salt Lake City, Utah 84111

Ms. Lorrie A. Rytjer
U.S. Probation Office

on the 28th day of June, 2010.

/s/ Jon D. Williams